IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **INNOVATIVE SPORTS MANAGEMENT, INC.**, as Broadcast Licensee of the October 13, 2020 Colombia v Chile Soccer Match,<br>　　　　　　Plaintiff,<br>v.<br><br>**SABOR COLOMBIA LLC D/B/A SABOR COLOMBIA D/B/A SABOR COLUMBIAN RESTAURANT & BAR** and **RICARDO ALVARADO, D/B/A SABOR COLOMBIA D/B/A SABOR COLUMBIAN RESTAURANT & BAR**,<br>　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   1:22-CV-1336-DII<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court is Plaintiff's Motion for Default Judgment (Dkt 24).[1] Defendants did not respond to the Motion. After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned recommends the Motion be **GRANTED**.

**I.   BACKGROUND**

The facts alleged in the Complaint are straightforward: Plaintiff "is the license company that was exclusively authorized to sub-license the closed-circuit telecast of the October 13, 2020 Colombia v Chile Soccer Match (the 'Event') at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas." Dkt. 1 ¶6. "[T]he Event could

---

[1] United States District Judge Robert Pitman referred the Motion to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text order, Jul. 24, 2024.

only be exhibited in a commercial establishment, if the establishment was contractually authorized to do so by Plaintiff." *See id.* ¶7. "The transmission of the Event originated via satellite and was electronically coded or 'scrambled,'" thus "for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment." *Id.* ¶9. "The establishments that contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event." *Id.* ¶11. On "October 13, 2020, either by satellite transmission or through unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Event," or "Defendants assisted in the receipt of the interstate communication of the Event." *Id.* They "then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within" Defendants' commercial establishment named Sabor Colombian Restaurant & Bar and located at 1318 Round Rock Avenue, Round Rock, Texas 78681 (the "Establishment"). *Id.* "Defendants enabled the patrons within the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do." *Id.* ¶13.

Plaintiff brings a single anti-piracy claim for the unauthorized interception and broadcast of either cable or satellite transmissions in violation of 47 U.S.C. (Federal Communications Act of 1934) § 605. *Id.* ¶16.

## II.   STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) governs the entry of a default judgment by a court. *See* FED. R. CIV. P. 55(b)(2). In the Fifth Circuit, three steps are required when obtaining a default judgment: (1) default by the defendant, FED. R. CIV. P. 55(a); (2) entry of default by the Clerk's Office, FED. R. CIV. P. 55(a); and (3) entry of a default judgment by the district court, FED. R. CIV. P. 55(b); *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Additionally, in order to obtain a default judgment, the movant must establish that the defendant is neither a minor nor

an incompetent person, and that the defendant is not in military service. 50 U.S.C. § 3931; *Bank of New York Mellon Tr. Co., N.A. v. Hancock*, 5:19-CV-270-H-BQ, 2020 WL 2989023, at *2 (N.D. Tex. June 4, 2020). When a defendant has defaulted, the factual allegations in the complaint are taken as true, except regarding damages. *See Jackson v. FIE Corp.*, 302 F.3d 515, 525 n.29 (5th Cir. 2002).

"Default judgments are a drastic remedy" and thus are "resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (default is not treated as an absolute confession by defendant of liability and of plaintiff's right to recover). A court must accept pleaded facts as true, but must also determine whether those facts state a claim upon which relief may be granted. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (affirming district court's denial of entry of default judgment because, even if true, plaintiff's allegations would not support imposing liability against defendants).

Courts use a three-part test to determine when to enter a default judgment. The court first considers whether the entry of default judgment is procedurally warranted. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *2 (W.D. Tex. May 25, 2018); *Nasufi v. King Cable Inc.*, No. 3:15-CV-3273-B, 2017 WL 6497762, at *1 (N.D. Tex. Dec. 19, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The Fifth Circuit has set forth six factors for a court to consider in determining whether a default judgment is procedurally proper: "(1) whether material issues of fact are at issue; (2) whether there has been substantial

prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *United States v. Padron*, 7:17-CV-00009, 2017 WL 2060308, at *2 (S.D. Tex. May 12, 2017); *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Next, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citing *Nishimatsu*, 515 F.2d at 1206). In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Rod Riordan Inc.*, 2018 WL 2392559, at *3.

Finally, the court determines what form of relief, if any, the plaintiff should receive. *Id.* While damages are normally not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

### III.   ANALYSIS

#### A. Procedural Requirements

Defendant Sabor Colombia LLC is a limited liability company and is thus not a minor, incompetent person, or in military service. Defendant Ricardo Alvarado is not believed to be a minor, incompetent person, or in military service. Dkt. 21; Dkt. 24-1. The Clerk of Court has entered default against Defendants. Dkt. 22.

Default judgment is procedurally warranted. First, Defendants failed to file a proper answer or responsive pleading. Second, Defendants' failure to respond or appear threatens to cause substantial prejudice because it threatens to bring the adversarial process to a halt, effectively prejudicing Plaintiff's interests. Third, the grounds for default judgment are clearly established because Defendants have failed to answer or defend. Fourth, nothing suggests that default was caused by a good-faith mistake or excusable neglect. Defendants have simply chosen not to participate in this litigation. Fifth, default judgment would not be harsh in this situation because the judgment would be for no more than Defendants owe under the law. Sixth, given the circumstances, this court has no reason to set aside any default judgment it may enter. In sum, default judgment is procedurally proper.

### B. Sufficiency of Plaintiff's Complaint

Plaintiff's claims are meritorious, and there is sufficient basis in the pleadings for the judgment. Section 605 is a strict liability statute. 47 U.S.C. § 605(a); *G&G Closed Cir. Events v. Alamo Card House*, No. SA-20-CV-01094-XR, 2022 U.S. Dist. LEXIS 95009, at *10 (W.D. Tex. 2022). To establish Defendants' liability, Plaintiff must establish by a preponderance of the evidence that (1) the Event was disseminated without authorization in Defendants' Establishment; and (2) the exception to § 605 does not apply.[2] *Id.* at *10–11.

---

[2] The exception applies to:

"the interception or receipt by any individual, or the assisting (including the manufacture or sale) of such interception or receipt, of any satellite cable programming for private viewing if—
(1) the programming involved is not encrypted; and
(2)(A) a marketing system is not established under which—(i) an agent or agents have been lawfully designated for the purpose of authorizing private viewing by individuals, and
(ii) such authorization is available to the individual involved from the appropriate agent or agents;or
(B) a marketing system described in subparagraph (A) is established and the individuals receiving such programming has obtained authorization for private viewing under that system."

47 U.S.C. § 605

As described in the Complaint (Dkt. 1) Defendants—without permission or authorization—exhibited the closed-circuit broadcast for which Plaintiff owned the exclusive license and right to sub-license. Dkt. 1 at 3–4. Plaintiff submitted a sworn affidavit that Kevin S. Jones observed the broadcast in Defendants' Establishment, Dkt. 24-1, supporting the requisite element of a § 605 claim. The exception to § 605 does not apply. Accordingly, the merits of the claim provide a basis for entry of default judgment.

### C. Relief

Plaintiff seeks relief for violation of the Communications Act under 47 U.S.C. § 605 in the form of in statutory damages and attorney's fees. Dkt. 24 at ¶14 (citing 47 U.S.C. § 605). "Section 605 contains three damage provisions relevant to this case." *J&J Sports Prods. v. Bradley*, Civil Action No. SA-17-CV-278-XR, 2017 U.S. Dist. LEXIS 223870, at *9 (W.D. Tex. 2017). "First, statutory damages are prescribed 'for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just.'" *Id.* (quoting 47 U.S.C. § 605(e)(3)(C)(i)(II)). "Second, if violations were 'committed willfully and for purposes of direct or indirect commercial advantage or private financial gain' the Court may increase damages 'whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.'" *Id.* (quoting 47 U.S.C. § 605(e)(3)(C)(ii)). "Finally, § 605 mandates the recovery of costs and attorney's fees to a prevailing plaintiff." *Id.* (citing 47 U.S.C. § 605(e)(3)(B)(iii)).

### D. Statutory Damages

An aggrieved party may recover statutory damages for each violation of § 605 "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II).

Plaintiff seeks $10,000 in statutory damages, premised on lost licensing fees and compensation for being deprived of the value, benefits, and profits that may have been realized, but for Defendants' piracy. Dkt. 24 ¶¶14–20. As Plaintiff notes in its brief, "it would be impossible to determine the full extent of the profits lost. *Id.* ¶16.

Courts in the Western District of Texas have previously assessed damages by looking to the number of patrons present during the unauthorized broadcast. *See J&J Sports Prods. v. Tejada*, No. 5-13-CV-01020-XR, 2014 U.S .Dist. LEXIS 27751, 2014 WL 869218, at *2 (W.D. Tex Mar. 4, 2014) (assessing baseline statutory damages using number of patrons established by affidavit); *and see Bradley*, 2017 U.S. Dist. LEXIS 223870, at *11. The "per-patron" approach is not uncommon in § 605 cases. *See Entm't by J & J v. Al-Waha Enters.*, 219 F. Supp. 2d 769, 776 (S.D. Tex. 2002) (stating "the per-patron approach is an appropriate starting point for calculating damages").

Plaintiff submitted the Jones affidavit from an auditor who was present at the Establishment on the date of the Event, which states there were nine patrons present and viewing the Event. Dkt. 24-1 at 23. Auditor Jones estimated the capacity of the Establishment at 50 people. *Id.* He was not charged a cover fee but observed that food and beverage were served. *Id.* According to the submitted "Rate Card" (used to calculate sub-licensing fees based on venue capacity), a commercial establishment with a venue range of 1–50 would be charged $750 for the legal right to broadcast the Event. *Id.* at 24-1 at 27.

Courts in the Western District of Texas have previously found trebling the fee that would have been required to legally license an event to the number of attending patrons to be a just assessment of damages. *See, e.g.*, *Tejada*, 2014 U.S .Dist. LEXIS 27751, 2014 WL 869218, at *2 (awarding "three times the amount of the legal sub-license fee"). This multiplier accounts for

"money saved by not complying with the law, as well as any profits made from food and drink sales associated with customers who stayed and watched the fight." *Joe Hand Promotions v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008). In this case, a trebling of the $750 fee is $2,250; therefore, the undersigned recommends awarding Plaintiff $2,250 in statutory damages.

### E. Statutory Damages for "Willful" Conduct

"If [] the Court finds that 'the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages,' but not more than $100,000 per violation." *G&G Closed Circuit Events v. Austin Trout Fight Program*, No. 5:15-CV-302-DAE, 2016 U.S. Dist. LEXIS 44834, at *7 (W.D. Tex. 2016) (quoting 47 U.S.C. § 605(e)(3)(c)(ii)).

Plaintiff urges the court to award "willful" damages in an amount sufficient to deter Defendants and others from piracy. Dkt. 24 at ¶26. Plaintiff contends awarding five times its proposed statutory damages of $10,000, that is $50,000, should be awarded. *Id.* ¶27. Plaintiff goes on to encourage the court to employ the "middle of the statute method." *Id.* ¶28. "Under this method, courts award the maximum statutory damages of $10,000 but award a middle amount of punitive damages for a 'willful' violation, $50,000." *G&G Closed Circuit Events, LLC v. Hernandez*, No. 1:16-cv-74, 2017 U.S. Dist. LEXIS 37031, at *5 (S.D. Tex. 2017).

The undersigned is mindful that "an award of additional damages for a willful act should be sufficient to deter such piracy in the future . . . [but] such an award should not be so high as to drive the actor out of business. *Bradley*, 2017 U.S. Dist. LEXIS 223870, at *11 (citing *Tejada*, 2014 U.S. Dist. LEXIS 27751, at *2 n.4 and *Garcia*, 546 F. Supp. 2d at 386). In *Bradley*, a 2017 case in the San Antonio Division, the court awarded $5,000 based on the presence of 26 patrons on the night of an unauthorized broadcast. *Id.* In a 2022 case, a San Antonio Division court awarded

$15,000 where 130 patrons were present for an event in an urban area. *G&G Closed Cir. Events v. Alamo Card House*, No. SA-20-CV-01094-XR, 2022 U.S. Dist. LEXIS 95009, at *14 (W.D. Tex. 2022). In that case, the establishment charged a cover fee and offered food and beverages for sale. *Id.*

The undersigned will recommend the court award $2,250 in statutory willful damages. The undersigned arrived that amount based on similar awards in the Western District of Texas. The amount is the result of adjusting per-patron amount of a $5,000 award in case involving 26 patrons, and adjusting that amount for inflation before multiplying it by the number of patrons in this case—nine. The undersigned then rounded up that number—$2,218—to $2,250. The undersigned believes that $4,500 in total damages is sufficient to recoup Plaintiff's losses and impose a penalty on Defendants' for their willful violation without putting the 50-person establishment out of business.

**F. Attorney's Fees**

"Plaintiff requests an award of attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii)." Dkt. 24 ¶29. The Act mandates a prevailing plaintiff be awarded costs and attorney's fees. *See* 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff submitted an affidavit from its counsel, explaining his fees and seeking a 1/3 contingent fee. Dkt. 24 ¶29; Dkt. 24-1. A review of the case law indicates that a 1/3 contingent fee is appropriate and reasonable in a case such as this one. *Alamo Card House*, 2022 U.S. Dist. LEXIS 95009, at *14–15. Accordingly, the undersigned recommends that the court award $1,500 in attorney's fees. The undersigned declines to award attorney's fees for potential post-trial and appellate services. *See id.* at *11.

### IV. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment (Dkt. 24) be **GRANTED** and that the court award Plaintiff $4,500 in statutory damages and $1,500 in attorney's fees and costs. If the District Judge adopts this Report and Recommendation, Plaintiff is also entitled to costs; accordingly, the undersigned **FURTHER RECOMMENDS** that the court order Plaintiff to file a bill of costs in the form required by the Clerk of Court, with supporting documentation, within 14 days of the entry of Judgment pursuant to Local Rule 54.

### V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED August 12, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE