IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-1336-DII |
| SABOR COLOMBIA, LLC, individually, and d/b/a SABOR COLOMBIA and d/b/a SABOR COLUMBIAN RESTAURANT & BAR; and RICARDO ALVARADO, individually, and d/b/a SABOR COLUMBIA and d/b/a SABOR COLUMBIAN RESTAURANT & BAR, | § § § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is the report and recommendation from United States Magistrate Judge Mark Lane concerning Plaintiff Innovative Sports Management, Inc.'s ("Plaintiff") motion for default judgment, (Dkt. 24). (R. & R., Dkt. 27). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Lane issued his report and recommendation on August 12, 2024. (*Id.*). As of the date of this order, no party has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because no party has filed timely

1

objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order.

In the report and recommendation, Judge Lane recommended that the Court grant Plaintiff $4,500 in statutory damages and $1,500 in attorney's fees. (R. & R., Dkt. 14, at 10). Judge Lane also found that Plaintiff is entitled to costs and recommended that this Court order Plaintiff to file a bill of costs within fourteen days of entry of judgment pursuant to Local Rule 54. (*Id.*). The Court adopts Judge Lane's recommendations and will award Plaintiff the above amounts. In its motion for default judgment, Plaintiff also requested post-judgement interest be awarded at the applicable rate. (Mot. Default J., Dkt. 24, at 15). "Post-judgment interest is awarded as a matter of course" under 28 U.S.C. § 1961(a). *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). Accordingly, the Court finds that Plaintiff is also entitled to post-judgment interest at a rate pursuant to 28 U.S.C. § 1961(a).

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 27), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment, (Dkt. 24), is **GRANTED IN PART.** Plaintiff is entitled to $4,500 in statutory damages and $1,500 in attorney's fees. Plaintiff is also entitled to costs and post-judgment interest.

The Court will enter final judgment by separate order.

**SIGNED** on August 28, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE